IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BAH OUSMANE, | § | |
| A# 245827574, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:26-CV-2527-L-BW |
| | § | |
| PRAIRIELAND | § | |
| DETENTION CENTER, | § | |
| Respondent. | § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Based on the relevant filings and applicable law, the Court should **DISMISS** this habeas action without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and follow court orders.

## I. BACKGROUND

Bah Ousmane, an immigration detainee at Prairieland Detention Center ("PDC") in Alvarado, Texas, filed this habeas action under 28 U.S.C. § 2241 challenging his immigration detention by United States Immigration and Customs Enforcement ("ICE"). (*See* Dkt. No. 3 at 7.) Along with his § 2241 habeas petition, Ousmane submitted a short form application to proceed in forma pauperis ("IFP") in the case. (*See* Dkt. No. 4.) After the Court received the § 2241 petition and IFP application, Ousmane was issued instructions that, among other directions, required

[1] By Special Order No. 3-251, this habeas case has been automatically referred to the undersigned magistrate judge for case management. (*See* Dkt. No. 1.)

him to notify the Court of any address change by promptly filing a written change of address notice. (*See* Dkt. No. 2.)

By Notice of Deficiency and Order dated August 4, 2026, the Court notified Ousmane that his § 2241 petition was incomplete because it did not identify any grounds for relief. (*See* Dkt. No. 5.) The Court therefore ordered Ousmane to, within 30 days, complete, sign, and return an amended form petition under § 2241 setting forth his grounds relief and supporting facts to challenge his immigration detention. (*See id.*) The order also instructed Ousmane to notify the Court of any change of address and its effective date by filing a notice of change of address. (*See id.*) The same day, the Court issued a separate order granting Ousmane to September 3, 2026, to pay the $5.00 filing fee for actions under § 2241 because his IFP application indicated that he had sufficient funds to pay the filing fee without suffering undue financial hardship. (*See* Dkt. No. 6.) Both orders warned him that failure to comply could result in the dismissal of the action under Federal Rule of Civil Procedure 41(b). (*See* Dkt. Nos. 5-6.) On September 15, 2026, the August 4 orders were returned to the Court as undeliverable at the address provided by Ousmane at PDC. (*See* Dkt. No. 7.)

The deadlines set forth in the Court's August 4 orders have now expired, and Ousmane has not filed an amended § 2241 petition on the appropriate form or paid the $5.00 filing fee. Further, it appears from the return of the Court's orders that Ousmane is no longer in ICE custody at PDC. (*See id.*) Ousmane has not updated his address or taken any other action manifesting an intent to proceed in this case.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with [a Federal Rule of Civil Procedure or] a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Further, a court's authority under Rule 41(b) is not diluted merely because a party proceeds pro se, as "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019).

Ousmane has failed to comply with the Court's August 4 orders to file an amended § 2241 petition on the appropriate form and to pay the $5.00 filing fee, despite warnings that failure to comply could result in the dismissal of his petition. He also has failed to follow the Court's instructions to promptly notify it of a change of address. By not complying with the Court's August 4 orders and case instructions, Ousmane prevents this action from proceeding and has failed to prosecute this lawsuit. Accordingly, the Court should exercise its inherent power to prevent undue delays in the disposition of pending cases and dismiss this action without prejudice under Rule 41(b).

## III. RECOMMENDATION

The Court should **DISMISS** this habeas action without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and follow court orders.

**SO RECOMMENDED** on September 30, 2026.

BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).